**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

| | | |
|---|---|---|
| **GULF COPPER & MANUFACTURING** | § | **CIVIL ACTION NO. _____** |
| **CORPORATION** | § | |
| **Plaintiff,** | § | |
| | § | |
| **VS.** | § | |
| | § | |
| **RIG VIKING PROSPECTOR, its** | § | |
| **apparel, equipment, engines, freights,** | § | |
| **tackle, etc.,** *in rem* | § | |
| **Defendant** | § | **FED. R. CIV. 9(h) Admiralty Claim** |

<u>**VERIFIED ORIGINAL COMPLAINT**</u>

COMES NOW, Gulf Copper & Manufacturing Corporation, Plaintiff, by and through its

attorneys, Mark Freeman and David James of STEVENS BALDO FREEMAN & LIGHTY, L.L.P., and for

its complaint against the VIKING PROSPECTOR f/k/a OCEAN PROSPECTOR, its apparel, equipment,

engines, freights, tackle, etc., *in rem*, and with respect avers as follows:

I.

Plaintiff is a Texas Corporation with its principal place of business in Port Arthur, Texas, and

is authorized to do business in this State.

The VIKING PROSPECTOR f/k/a OCEAN PROSPECTOR is a foreign flag semi-submersible drilling

rig, is believed to carry Lloyds Registry No. 8753213 and Official No. 03657-73K, and is now, or

during the pendency of this cause, will be within this District and Division and subject to the

jurisdiction of this Court.

II.

This is an admiralty or maritime claim within the meaning of FED. R. CIV. P. 9(h).  The Court

has subject matter jurisdiction pursuant to 28 U.S.C. § 1330, 28 U.S.C. § 1333, 28 U.S.C. § 1602 *et*

*seq.*, and Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims. This action seeks the enforcement of a maritime lien and the arrest of the VIKING PROSPECTOR f/k/a OCEAN PROSPECTOR, its apparel, equipment, engines, freights, tackle, etc. pursuant to Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims. This claim is against the VIKING PROSPECTOR f/k/a OCEAN PROSPECTOR, its apparel, equipment, engines, freights, tackle, etc. for failure to pay for necessaries provided to the vessel by Plaintiff in this District in the form of shipyard services and berthage. Upon information and belief, the VIKING PROSPECTOR f/k/a OCEAN PROSPECTOR is owned and/or operated by KTM Services, Inc., who is bound to make payment through maritime attachment liens and contracts with Plaintiff.

III.

KTM Services, Inc. heretofore entered into a Master Service Agreement with Plaintiff on or about July 11, 2010 whereby Gulf Copper would provide shipyard goods and services to the VIKING PROSPECTOR f/k/a OCEAN PROSPECTOR. In this contract, KTM Services, Inc. agreed through its duly authorized representatives to pay for the goods and services.

IV.

The outstanding debt currently due for the shipyard goods and services provided by Plaintiff to the VIKING PROSPECTOR f/k/a OCEAN PROSPECTOR totals at least $394,878.82. Invoices for other pre-arrest shipyard goods and services provided to the vessel will become due during the pendency of this suit. Although Plaintiff has demanded payment for the outstanding invoices currently due, KTM Services, Inc. has refused to pay the invoices. No offsets or credits have been applied to this debt, as none are due. Therefore, Defendant is liable for this overdue unpaid balance in the amount of $394,878.82, as well as for invoices that become due during the pendency of this action and any

additional goods and services which Plaintiff may be asked or forced to undertake.  The vessel remains at Plaintiff's facility and Plaintiff is therefore entitled to berthage until the vessel is released or sold.

Pursuant to Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims, Plaintiff seeks to enforce its claims for the shipyard goods and services provided to the VIKING PROSPECTOR f/k/a OCEAN PROSPECTOR as a maritime lien.

V.

All conditions precedent have been performed or have occurred.

VI.

In addition to the above, Plaintiff seeks recovery of reasonable attorneys' fees and expenses, costs of Court, prejudgment and post judgment interest, as provided for in the Contract or under applicable law.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays as follows:

1.      That process issue against the VIKING PROSPECTOR f/k/a OCEAN PROSPECTOR, its apparel, equipment, engines, freights, tackle, etc., *in rem*, and that all persons having or claiming any interest therein be cited to appear and answer in this case;

2.      That the vessel be condemned and be sold free and clear of all liens and encumbrances to pay Gulf Copper & Manufacturing Corporation's claim with interest, costs, and disbursements of suit;

3.      That the claim of Gulf Copper & Manufacturing Corporation be given priority pursuant to applicable law;

3

4.      That a judgment be entered in favor of Plaintiff against Defendant, VIKING PROSPECTOR f/k/a OCEAN PROSPECTOR, its apparel, equipment, engines, freights, tackle, etc., *in rem*, for at least the $394,878.82 currently owed, plus invoices that come due during the pendency of this litigation, berthage, additional shipyard goods and services provided, attorneys' fees, court costs and additional accrued interest;

5.      That the Court find that the shipyard goods and services provided by Gulf Copper & Manufacturing Corporation to the VIKING PROSPECTOR f/k/a OCEAN PROSPECTOR constitute a maritime lien for necessaries;

6.      That upon sale of the vessel the Court order that the sums adjudged due to Plaintiff, plus berthage, additional shipyard goods and services provided, attorneys' fees, court costs and additionally accrued interest be paid to Gulf Copper & Manufacturing Corporation from the proceeds of the sale; and

7.      That this Court grant Plaintiff such other and further relief to which it may show itself justly entitled at law, in equity, or in admiralty.

Respectfully Submitted,

STEVENS BALDO FREEMAN & LIGHTY, L.L.P.

By:  _____
David E. James
SDTX Bar No. 588556
Texas Bar No. 24032467
550 Fannin Street, 7th Floor
Beaumont, Texas 77704-4950
Telephone:    (409) 835-5200
Facsimile:    (409) 838-5638

**ATTORNEYS FOR GULF COPPER & MANUFACTURING CORPORATION**

4

OF COUNSEL:

STEVENS BALDO FREEMAN & LIGHTY, L.L.P.
Mark Freeman
SDTX Bar No. 5975
Texas Bar No. 07426600

## VERIFICATION

**STATE OF TEXAS**                                   §
                                                     §
**COUNTY OF GALVESTON**                              §

BEFORE ME, the undersigned authority, personally came and appeared Jonthan Hale, who,

being duly sworn, did depose and say that he is the Vice-President of Gulf Copper & Manufacturing

Corporation, that he has read the foregoing complaint and the factual allegations are true and correct

and are within his personal knowledge.

Jonathan Hale, Vice-President,
Gulf Copper & Manufacturing Corporation

SWORN TO AND SUBSCRIBED before me, this ___21st___ day of March 2011.

Notary Public, State of Texas

6