IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| GULF COPPER & MANUFACTURING CORPORATION | § § § | |
| V. | § | CIVIL ACTION NO. G-11-132 |
| | § § | |
| RIG VIKING PROSPECTOR, its apparel, equipment, engines, freights, tackle, etc., *in rem* | § § § | |

## REPORT AND RECOMMENDATION

Before the Court, by referral from the Honorable Kenneth M. Hoyt, United States District Judge, is the "Opposed Motion for Interlocutory Sale" of Plaintiff, Gulf Copper & Manufacturing Corporation (Gulf Copper). The Court, having considered the Motion, the opposition of KTM Services, Inc. (KTM), Gulf Copper's reply, the arguments of counsel at a Hearing on May 23, 2011, the relevant portions of the record in this cause and applicable law, now submits this Report and Recommendation[1] to Judge Hoyt.

KTM Services, Inc., is the owner of the VIKING PROSPECTOR, a semi-submersible drilling rig. After KTM failed to timely pay Gulf Copper for invoices totaling approximately $395,000.00 for shipyard necessaries provided to the rig, Gulf Copper, on March 21, 2011, filed suit against the rig, *in rem*, and had it arrested on March 24, 2011. The rig is still in possession of Gulf Copper, acting as substitute custodian, and has been and continues to incur daily *custodia legis* costs of approximately $2,500.00 per day. On April 15, 2011, KTM made its appearance

---

[1] Out of caution, the Court has elected to proceed by Report and Recommendation in reaction to KTM's opposition. See 20th Century Fox Film Corp. v. M.V. Ship Agencies, 992 F.Supp. 1443, 1437-38 (M.D. Fla. 1997) (Motion for interlocutory sale treated as dispositive motion), but see Economy Stone Midstream Fuel, LLC v. M/V A.M. THOMPSON, 2009 WL 103536 (N.D. Miss.) (Motion for interlocutory sale granted by United States Magistrate Judge)

by filing its statement of interest in the rig.  Gulf Copper now wants the Court to order an interlocutory sale of the rig and KTM, of course, opposes the sale.

The rig, which may have a value in excess of $1 million dollars[2] has been under arrest, on this occasion, for nearly two months and there has been no effort or even suggestion of record that security might be posted by KTM for its release.  As a result, Gulf Copper claims, *inter alia*, that the expense of keeping the rig is excessive and disproportionate and seeks its sale pursuant to Supplemental Admiralty Rule E(9)(a)(i)(B).  In opposition, KTM argues that the $2,500.00 per diem cost is not, as a matter of law, excessive or disproportionate, citing a district court decision from Maine, Schoninger v. M/V THREE OLIVES, 2010 U.S. Dist. LEXIS 55306, 3-4 (D.ME.).  But closer to home, and within the Fifth Circuit, case law is to the contrary.  For example, in Freret Marine Supply v. M/V ENCHANTED CAPRI, 2001 WL 649764 (E.D. La.), aff'd 37 Fed. Appx. 714 (5th Cir. 2002), District Judge Clement found *custodia legis* costs of $1,500.00 per day excessive for the continued arrest of the vessel with a value of "at least $12 million dollars."  And in Economy Stone, 2009 WL 103536 at *1-2, Magistrate Judge Sanders found *custodia legis* costs of $150.00 per day to be "clearly disproportionate" to the $2,800,000.00 "fair market value of the vessel."  This Court finds its colleagues decisions more persuasive.

The Court is, however, somewhat concerned with the timing of the sale.  "Generally, a Court will not order an interlocutory sale for at least four months following the vessels arrest in order to allow the ship owner to post a bond."  8 BENEDICT ON ADMIRALTY § 12.02(E), see also Boland Marine & Manufacturing Co., LLC v. M/V A.G. NAVAJO, 2002 WL 31654856 at

---

[2] An appraisal dated September 28, 2009, found the liquidation value of the VIKING PROSPECTOR to be $0 to $1 million, however, the rig has been in dry dock and the subject of various federal lawsuits for years.

\*2 (E.D. La., November 22, 2002) (Three and one-half months after arrest found to constitute unreasonable delay in securing vessel's release)  As noted above, the VIKING PROSPECTOR has been in custody for two months.  The Court, therefore, believes that any interlocutory sale should not take place before July 25, 2011.  On the other hand, the Court sees no reason why the preliminary steps needed to schedule the sale cannot presently proceed.

It is, therefore, the **RECOMMENDATION** of this Court that the "Opposed Motion for Interlocutory Sale" (Instrument no. 21) of Plaintiff, Gulf Copper & Manufacturing Corporation, be **GRANTED** and that the VIKING PROSPECTOR be **SOLD** by the United States Marshal Service at public sale <u>on or after July 25, 2011</u>.

The Clerk **SHALL** send a copy of this Report and Recommendation to the Parties who **SHALL** have until **June 10, 2011**, to have written objections, filed pursuant to 28 U.S.C. §636(b)(1)(C), **physically on file** in the Office of the Clerk.  <u>The Objections **SHALL** be electronically filed and/or mailed to the Clerk's Office at P.O. Drawer 2300, Galveston, Texas 77553</u>.  Failure to file written objections within the prescribed time **SHALL** bar any Party from attacking on appeal the factual findings and legal conclusions accepted by the District Judge, except upon grounds of plain error.

**DONE** at Galveston, Texas, this      24th       day of May, 2011.

*[signature]*
John R. Froeschner
United States Magistrate Judge